# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:17CV-00103-JHM**

**AMY GOINES**                                                              **PLAINTIFF**

**V.**

**LIBERTY LIFE ASSURANCE CO. BOSTON**                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Liberty Life Assurance Co. of Boston to dismiss, or in the alternative, for summary judgment [DN 6]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

This lawsuit arises out of a claim for long-term disability ("LTD") benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et. seq. Plaintiff, Amy Goines, filed suit against Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty Life"), in the Jefferson Circuit Court alleging that Liberty Life violated ERISA by wrongfully denying her LTD benefits. Specifically, Plaintiff alleges that while employed by Henkel of America, Inc. ("Henkel"), she was eligible for and participated in a long-term disability policy. The Plan was administered by Liberty Life. Plaintiff asserts that she was disabled under the LTD Policy and applied for benefits. According to Plaintiff's complaint, Liberty Life reviewed and denied her claim for long-term benefits. Plaintiff alleges that she appealed the determination and that her appeal was ultimately denied. (Complaint at ¶¶ 5-12.)

In February of 2017, Liberty Life removed the action to federal court and filed a motion to dismiss pursuant to Rule 12(b)(6). Liberty Life maintains that Plaintiff never filed a claim for

benefits under the LTD Policy and, as a result, failed to exhaust her administrative remedies as required by ERISA. In response, Plaintiff concedes that she did not file a claim for LTD benefits. Plaintiff and Defendant agree that on September 19, 2014, Plaintiff applied for benefits under the Short-Term Disability Plan ("STD Plan") offered by Henkel. On November 19, 2014, Liberty Life denied Plaintiff's claim. Plaintiff appealed the initial denial of benefits under the STD Plan. The appeal was denied by Liberty Life on April 10, 2015. (Response at 2, DN 7.) While Plaintiff never filed a claim for benefits under the LTD Policy, she argues that administrative exhaustion of her LTD benefit would be an exercise in futility.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted). Accordingly, the Court has considered the STD plan and the LTD policy attached to Defendant's reply without converting the motion into one for summary judgment.

## III. DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff never filed a claim for benefits under the LTD Policy and, as a result, failed to exhaust her administrative remedies as required by ERISA. In response, Plaintiff does not dispute that she did not file a claim for LTD benefits. Instead, Plaintiff contends that it would have been futile for her to apply for benefits under the LTD Policy because the LTD Policy "specifically requires STD exhaustion before a claimant *is even permitted* to file for LTD . . . [and] Liberty would refuse [to administer] the application." (Response at 2, DN 7.) Plaintiff maintains that exhaustion of administrative remedies is likewise futile because she applied for and was denied benefits under the STD Plan. (Id. at 5-6.)

The Sixth Circuit recognizes that although "ERISA does not explicitly require exhaustion of administrative remedies, '[t]he administrative scheme of ERISA requires a participant to

3

exhaust his or her administrative remedies prior to commencing suit in federal court.'" Costantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994) (quoting Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991)); see also 29 U.S.C. § 1133(2). "The purposes of administrative exhaustion are to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." Fisk v. Cigna Grp. Ins., 2011 WL 4625491, *3 (E.D. Ky. Oct. 3, 2011)(citing Costantino, 13 F.3d at 975). The application of the administrative exhaustion requirement "is committed to the sound discretion of the district court and, thus, cannot be disturbed on appeal unless there has been an abuse of discretion." Id. Accordingly, as an ERISA plan beneficiary, Plaintiff was required to exhaust administrative remedies prior to bringing this suit. Costantino, 13 F.3d at 974.

An exception to the administrative exhaustion requirement exists where "resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." Id. "A plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" Id. (quoting Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996)(citing Communications Workers of America v. AT & T, 40 F.3d 426, 432 (D.C. Cir. 1994)). See also Watkins v. Matrix Absence Mgmt., Inc., 2015 WL 6480145, *2–3 (W.D. Ky. Oct. 27, 2015); Fisk, 2011 WL 4625491, *3. Accordingly, the issue is whether Plaintiff has made a clear and positive indication of futility such that it is certain that her claim will be denied.

First, the LTD Policy does not require an employee to exhaust her STD benefits before she may be eligible to apply for LTD benefits. The LTD Policy provides that when Liberty Life receives proof that a covered person is disabled under the Policy, Liberty Life will pay the covered person a monthly benefit after the end of the elimination period. (LTD Plan at 25, DN 8-1, Ex. A.) Elimination period is defined as: "The greater of: a. the end of the Covered Person's Short Term Disability Benefits; **or** b. 180 days." (Id. at 4 (emphasis added).) In other words, the LTD Policy provides that eligibility for LTD benefits may occur after 180 consecutive days of disability. (Id. at 4, 25.) Thus, contrary to Plaintiff's argument, a review of the LTD policy does not indicate that Liberty Life would refuse to examine the LTD application merely because the Plaintiff did not exhaust her STD benefits. See, e.g., Riehl v. Hartford, 2011 WL 5920919, *2 (W.D. Ky. 2011); Barrett v. Aetna Life Ins. Co., 2012 WL 2577505, *1 (W.D. Ky. July 3, 2012).

Second, courts in the Sixth Circuit have held that the denial of STD benefits, alone, cannot serve to excuse exhaustion of the LTD administrative process. See Hogan v. Jacobson, 2015 WL 1931845, *3 n. 3 ("The fact that [plaintiff] was denied STD benefits does not necessarily mean that a claim for LTD benefits would be futile; . . . her right to receive long term disability benefits was not predicated on her having received short term disability benefits.") Case law reflects that where LTD and STD plans provide distinct requirements for eligibility, courts have rejected the argument that applying for LTD benefits would be futile simply because STD benefits were denied. See Fisk, 2011 WL 4625491, *5; Barrett, 2012 WL 2577505, *1; Hogan, 2015 WL 1931845, *3.

Here, the eligibility requirements under the STD and LTD plans are different. Under the STD Plan, an employee is considered "disabled" if he or she is incapable of performing any of the material and substantial duties of her job with the employer. (STD Plan at 9, DN 8-1, Exhibit

B.) Under the LTD Policy, an employee is considered "disabled" for the first 24 months if he or she is unable to perform the material and substantial duties of his or her occupation as it is "normally performed in the national economy." (LTD Plan at 13, DN 8-1, Exhibit A.) Arguably, Plaintiff's position at Henkel might "exclude a material duty of his or her 'regular occupation' as it is normally performed in the general labor market in the national economy. Thus, if it was that material duty that the employee could not perform due to his sickness or injury, [she] would . . . not be eligible for STD benefits but would be eligible for LTD benefits." Fisk, 2011 WL 4625491, *5. Just as in Fisk, the Plaintiff in the present case cannot prove with any certainty "that [her] LTD benefits claim would have been denied" and "failed to establish by a clear and positive indication that filing a LTD benefits claim would have been futile." Id.; Hogan, 2015 WL 1931845, *3.

Furthermore, the STD and LTD plans have different elimination periods. Under the STD Plan, once the plan administrator receives proof that an employee is disabled under the terms of the STD Plan, the employee is entitled to receive STD benefits once she has been "absent from work due to a non-work related illness or injury for seven consecutive days." (STD Plan at 1, DN 8-1, Exhibit B.) However, under the LTD Policy, the elimination period applicable to employees such as Plaintiff is the greater of either the end of the employee's STD benefits or 180 days. Given the difference in elimination periods, it is possible for an employee who lacks sufficient medical evidence to establish a disability within the seven-day period to acquire sufficient medical evidence to establish a disability under the longer 180-day period. See Gambino v. Arnouk, 232 Fed. Appx. 140, 147 (3d Cir. 2007).

For these reasons, the Court concludes that the Plaintiff has failed to establish by a clear and positive indication that the administrative remedies available under the LTD Policy would be

inadequate and that filing an LTD benefits claim would have been futile.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Liberty Life Assurance Co. of Boston, to dismiss [DN 6] is **GRANTED**. Plaintiff's long term disability benefits claim is dismissed without prejudice for failure to exhaust administrative remedies.

                                               **Joseph H. McKinley, Jr., Chief Judge**
                                                **United States District Court**

May 3, 2017

cc: counsel of record